**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26231-CIV-DAMIAN**

**FERNANDO BRUTO DE LA TORRE**,

Petitioner,

v.

**WARDEN, KROME NORTH SPC, *et al.***,

Respondents.
_______________________________________/

**ORDER DISMISSING PETITION AS MOOT**

**THIS CAUSE** is before the Court on Petitioner, Fernando Bruto De La Torre's ("Petitioner"), *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] ("Petition"), filed September 10, 2026. The Respondents filed a Response to this Court's Order to Show Cause [ECF No. 6] on September 25, 2026 [ECF No. 8 ("Response")].

THE COURT has considered the Petition, the Response, and the pertinent portions of the record and is otherwise fully advised.

## I. BACKGROUND

On September 10, 2026, Petitioner filed a *pro se* Petition challenging his detention by immigration authorities at the Krome North Service Processing Center and requesting his immediate release. Pet. at 7. On September 18, 2026, this Court ordered the Respondents to show cause why the Petition should not be granted. [ECF No. 6]. On September 25, 2026, the Respondents filed a Response indicating that Petitioner was released from ICE custody on September 23, 2026, and placed on an Order of Supervision and is no longer detained. Resp. at 1 (citing ECF No. 8-1 ("Detention History")]. As a result of Petitioner's release, the

Respondents argue that Petitioner's claims are moot and the Petition should, therefore, be dismissed.

## II. DISCUSSION

This Court's jurisdiction is limited to Article III of the Constitution's definition of "cases" or "controversies." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (quotation omitted). The case-or-controversy requirement applies through all stages of the litigation. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

For a federal court to have subject-matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]"28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The "in custody" determination is made at the time the section 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, an alien detainee files a section 2241 petition requesting release, the case becomes moot and the court loses jurisdiction once the alien is released from custody. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

Here, Petitioner satisfied the "in custody" requirement at the time he filed the Petition, but his subsequent release from custody has rendered his Petition moot. Petitioner initially sought release from ICE custody, which has now occurred. Because this Court cannot grant relief post-release, no case or controversy exists. *See Djadju*, 32 F.4th at 1107

("Since [the petitioner] already has been released from custody, his prayer for relief has been satisfied."); *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) ("Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" (citing *Spencer v. Kemna*, 523 U.S. 1, 18 (1998))).

Furthermore, no exception to the mootness doctrine is implicated because there is no indication Petitioner will be returned to ICE custody soon. *See Djadju*, 32 F.4th at 1109 ("[T]here's no reasonable basis for us to believe that [the petitioner] will be re-detained unlawfully upon termination of this suit."); *Al Najjar*, 273 F.3d at 1336 ("The remote possibility that an event might recur is not enough to overcome mootness."). As no further intervention by this Court is warranted, this Court lacks jurisdiction over this case and, therefore, the Petition is due to be dismissed as moot. *See Al Najjar*, 273 F.3d at 1336 (noting "dismissal is required because mootness is jurisdictional").

## III. CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED AS MOOT**.
2. The Clerk of Court is **DIRECTED** to **CLOSE** this case.
3. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida, this 14th day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**